Connor v. Morris.

---

## CONNOR v. MORRIS.

IF a statement on appeal is served and filed within the time required by the three hundred and thirty-eighth section of the Practice Act, unless the respondent, within five days thereafter, prepares and serves amendments, he is deemed to have agreed to the statement; and no settlement thereof, or certificate of the Judge, is necessary.

In an application for a *mandamus* to a County Treasurer, to pay county warrants, it is sufficient to aver in the petition, that the warrants were drawn by the County Auditor, as it will not be presumed that the Auditor has violated his duty in issuing the warrants; but the County Treasurer has a right to show, in defense, that the warrants were founded on a demand not legally chargeable against the county.

The Auditor of a county is the mere Clerk of the Board of Supervisors; and he has no power or authority to draw his warrant on the County Treasurer for the payment of a claim, unless the Board of Supervisors have made an express order, that the claim be paid.

The Board of Supervisors made the following order: "Account allowed J. J. Cloud, surveying Little Lake and Big River Road, $344.20."

Under this order, the Auditor drew a warrant on the Treasurer for the payment of the claim: *held,* that the order of the Board did not authorize the issuance of the warrant, and that the Treasurer could not be compelled to pay it.

APPEAL from the District Court, Seventh Judicial District, Mendocino County.

The facts are stated in the opinion of the Court.

*Wm. Holden,* for Appellant.

The appellant submits that the complaint does not state facts sufficient to constitute a cause of action to entitle plaintiff to the relief prayed for. It must appear beyond a doubt, that the payment of these warrants was an official duty to be performed by defendant; and that he was invested with no official discretion in this matter. Before payment of these warrants, it was the Treasurer's duty to ascertain that these warrants, to be paid, were founded upon a just claim, legally chargeable against the county (Wood's Dig. 713, Sec. 6); and that the claim or claims upon which they were founded, had been duly "examined, settled, allowed, and ordered paid." Unless the amounts had been ordered paid, the Auditor had no authority to draw the warrants (Wood's Dig. Art. 3446, Sec. 1); and if they were drawn without authority of law, then they must be void. (*Keller* v. *Hyde*, 20 Cal. 593; *Crandall* v. *Amador County*, Id. 75; Wood's Dig. 696, Art. 3326, Sec. 16.) If, then, such was the duty of the Treasurer, and if these facts must exist before payment of the warrants can be enforced, must not the complaint contain averments that the claims upon which the warrants were founded were legally chargeable against the county, and that they had been ordered paid? No such averments can be found, the omission of which renders the complaint fatally defective; and which objections are of a nature to entitle appellant to raise them for the first time in this Court. (Prac. Act, Sec. 45.) If we say that the word allowed is sufficient to the Auditor to draw his warrant, then we fail to give meaning to the phrase "ordered paid," found in Wood's Dig. 715, Art. 3446.

*R. McGarvey* and *John Currey*, for Respondents.

In July, 1862, judgment was entered on the report of the referee in this· action. On the twenty-second of July, 1862, the defendant's attorney served on the plaintiff's attorney a notice of a motion to set aside the report of the referee and for a new trial.

On the twenty-sixth of July, 1862, defendant's attorney served on plaintiff's attorney a notice that he had filed a statement to be used on said motion, for the purposes specified in the first notice. This statement does not appear to have been agreed to by the

parties, or settled by the Court or referee. Hence it could not be properly regarded as a statement on the motion for a new trial. (*Seaver* v. *Fitzgerald*, 23 Cal. 85.) On the ninth of December, 1862, a statement was filed as alleged by defendant's counsel, and a copy served on the plaintiff's attorney by the Sheriff. A notice of appeal to this Court had been filed and served by defendant's attorney on plaintiff's attorney about the twenty-first of November, 1862. This appeal was from the order refusing the new trial, and ordering the peremptory *mandamus* to be issued.

In order to review the action of the Court below in denying the motion for a new trial, it is necessary to have the record of the case submitted to the Court below. The statement filed in July was no part of the record properly, because it was not settled or agreed to. The statement filed in December cannot be considered as a statement; because, first, it was not prepared within twenty days after the entry of the judgment or order appealed from (Pr. Act, Sec. 338); second, such statement does not contain the grounds on which the defendant intends to rely, and the evidence necessary to explain such grounds; third, the statement referring to the evidence elsewhere is not sufficient, nor in accordance with said Sec. 338, because the said section says that the appellant shall serve a copy of so much of the evidence as may be necessary upon the adverse party, to wit: on the respondent's attorney in this case.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an application for a writ of *mandamus*, to issue against the defendant, Treasurer of the County of Mendocino, to compel him to pay two certain county warrants. The case was sent to a referee for trial, who reported a judgment in favor of the plaintiff, which was entered accordingly, and from which the defendant appeals.

The respondent moves to strike out all that portion of the record purporting to be the statement on appeal, on the ground that it is not properly authenticated, not having been agreed to by the parties or settled by the Judge or referee. The judgment in this case

was rendered in July, 1862 ; a motion for a new trial was overruled November 19th, and on the ninth day of December the defendant filed and served on the plaintiff a statement on appeal from the order refusing a new trial.   The certificate of the Clerk, which is dated December 20th, 1862, states that no amended statement had been filed.

Sec. 338 of the Practice Act provides that the appellant shall, within twenty days after the entry of judgment or order appealed from, prepare and serve a statement, and the respondent may, within five days thereafter, prepare and serve amendments thereto.   Sec. 339 provides that where a statement is made, and the respondent shall omit to prepare amendments within the time above limited, he shall be deemed to have agreed to the statement as proposed, " and no settlement of the statement or certificate thereto by the Judge shall be required."   In this case the certificate of the Clerk shows that the respondent did not file any amendments to the statement within the time limited by the Practice Act ; he is, therefore, to be deemed to have agreed to the statement as filed by the appellant, and no settlement thereof or certificate by the Judge is necessary. The evidence in the case was taken by the referee and reported to the Court, and consists wholly of written depositions and exhibits, and is sufficiently referred to as a part of the statement to authorize the Clerk to incorporate it in the transcript.   The motion of the respondent is therefore denied.

The appellant contends that the petition for the writ does not state facts sufficient to constitute a cause of action.   No objection to the sufficiency of the petition was taken, either by demurrer or answer.   The statute (Wood's Dig. 715, Art. 3446) provides, that " the Auditor of every county may draw warrants on the county treasury for the payment of all claims and demands legally chargeable against the county, which are, according to law, examined, settled, allowed, and ordered paid by the Board of Supervisors of the county," etc.   The appellant contends that the petition is defective in not averring that the claims on which the warrants in controversy were issued were examined, settled, allowed, and ordered paid by the Board of Supervisors.   The complaint avers that the County Auditor drew the warrants, which are copied in full into the com-

Connor v. Morris.

plaint, and this is clearly all that is necessary to aver in the petition, the presumption being that they were duly issued according to law, as it will not be presumed that a public officer has violated his duty in issuing them.   But the County Treasurer has a clear right to show, in defense of an application for a *mandamus* against him, that the warrants are founded upon a demand not legally chargeable against the county, and upon such showing the writ will be refused. (*Keller* v. *Hyde*, 20 Cal. 594.)   This objection is therefore untenable.

Numerous objections are made to the findings, on the ground that they are defective or insufficient.   Sec. 187 of the Practice Act provides that "when the referee is to report the facts, the report shall have the effect of a special verdict."   The referee in this case was not "to report the facts," but to try all the issues, both of law and fact, and "to report a judgment thereon."   It was not therefore any part of the duty of the referee to report findings, and it is unnecessary to examine the objections thereto.

One of the warrants mentioned in the petition is payable "out of the State portion of the Poll Tax Fund," and it is objected that the evidence shows that there was no fund known by that name in the treasury of the county.   This objection is not tenable, as it was the evident intention that it should be paid out of the moneys provided for by the Act of April 18th, 1859.   (Stat. 1859, 323.)

The record shows that on the eighteenth day of August, 1859, the Board of Supervisors of Mendocino County, made the following order: " J. J. Cloud, surveying State road from Cloverdale to Long Valley, $678.   Ordered to be paid from the Wagon Road Fund."   Under this order the Auditor issued Warrant No. 32, for $300, payable " out of the State portion of the Poll Tax Fund." We think this variance between the descriptions of the fund out of which the warrant was to be paid, is not sufficient to render the warrant void.   It is evident that the Board of Supervisors intended to make it payable out of the moneys arising under the Act of 1859, and that those moneys are sufficiently specified under either designation.

It also appears that on the eighteenth day of August, 1859, the Board of Supervisors made the following order: "Account allowed

J. J. Cloud, surveying Little Lake and Big River Road, $344.20." Under this order the County Auditor issued Warrant No. 30, for $344.20, payable out of the Road Fund. It is objected that this was a mere " allowance " of the claim, and that the County Auditor could not draw the warrant until it was " ordered paid," as required by the statute. (Wood's Dig. 715.) We think this objection well taken. The Auditor is a mere Clerk of the Board of Supervisors, and has no power or authority to direct a demand to be paid without an express order to that effect made by the board. Such is the evident meaning of the statute. It authorizes the County Auditor to draw his warrant on the County Treasurer only for the payment of claims which have been ordered paid by the board. Any other construction would leave the important words " ordered paid " without any meaning or effect. There may have been good reasons why the board did not order this claim paid. It is sufficient, however, that the statute has placed this power of ordering the payment of claims against the county in the Board of Supervisors, and not in the County Auditor.

The judgment is reversed and the cause remanded, with directions to the Court below to render judgment for the writ to issue commanding the defendant to pay the warrant, No. 32, for $300, out of the County Treasury.