73 U.S. 518 (____)
6 Wall. 518
UNITED STATES, EX REL.,
v.
COUNCIL OF KEOKUK.
Supreme Court of United States.

Mr. Justice CLIFFORD stated the case and delivered the opinion of the court.
Amended information of the relator states that the corporation defendants, in pursuance of the authority of an act of the General Assembly of the State, issued one hundred corporate bonds, each for the sum of one thousand dollars, redeemable in twenty years from date, with eight per cent. interest, payable semi-annually. Interest coupons were attached to the bonds, and by their terms they were payable to bearer. Statement of the relator is, that he became the holder of a large number of the bonds with the coupons attached in the ordinary course of business, before their maturity, and for a valuable consideration.
By the statute of the State and the ordinances of the city, the proper officers of the city were required to levy and collect, in addition to the other taxes, an annual tax upon all property within the corporate limits of the city, subject to municipal taxation, to pay the bonds and coupons as the same should become due. Defendants neglected to pay the coupons as the interest became payable, and the relator brought suit against them in the Circuit Court of the United States for the District of Iowa; but the suit, pendente lite, was transferred to the Circuit Court for the Northern District of Illinois, because the judges of the court for the former district were interested in the matters in controversy. Judgment was rendered for the relator, October 19th, 1864, in the latter district, for the sum of five thousand four hundred and twenty-seven dollars and fifty cents damages, being the interest due on one hundred and eight coupons held by the relator.
Authority to issue the bonds was conferred by the act *519 amending the charter of the city, passed January 22d, 1853, and the ordinance of the city directing their issue bears date February 5th, 1856, and is fully set forth in the record. Recovery of the judgment, however, did not avail the relator, as the defendants still refused to pay, and they had no corporate property liable to seizure on execution; and being without any other remedy, he applied to the Circuit Court in which the judgment was rendered for a mandamus, commanding the proper authorities of the city, at their next meeting, to levy a sufficient tax to pay the judgment, costs, and interest. Order for the alternative writ was entered May 15th, 1865, and it was made returnable on the first Monday of July, in the same year.
Defendants admit in their answer that the bonds with coupons annexed were issued as alleged; and they also admit the judgment, and that the relator made demand that they should levy and collect a tax for the payment of the sum recovered, but allege that they were perpetually enjoined, on the nineteenth day of September, 1853, from levying or collecting any tax for the payment of the principal or interest of those bonds, and that they are utterly unable to obey the commands of the alternative writ.
Reference is made to that part of the answer only which is material in this investigation. Relator demurred to the entire answer, and the court sustained the demurrer to the defence set up, that the bonds and coupons were issued without authority, and that they were null and void, but overruled it as to the defence that the proper officers of the city had been enjoined from levying and collecting any tax to pay the judgment. Causes of demurrer shown in respect to that defence were, that the State court could not oust the Circuit Court of jurisdiction to enforce its own judgments, and that the decree of the State court could not bar him from the right to use the process of the Circuit Court to collect his judgment, as he was not a party to those proceedings. Ruling of the Circuit Court, however, was otherwise, and the relator excepted and removed the cause into this court by writ of error.
*520 Sole defence relied on in this court is, that the defendants have been absolutely and perpetually enjoined from levying and collecting the tax by the decree of the State court, and the defendants admit that the only question is, whether the facts set forth in that part of their return to the alternative writ constitute a good defence to the petition and information of the relator. They also admit that the writ of mandamus in such a case is not a prerogative writ, and we may add that it is settled law in this court that it is not even a new suit, but is a writ in aid of jurisdiction which has previously attached, and that under such circumstances it becomes the proper substitute for an execution to enforce the judgment. Viewed in that light, the granting of the writ is no hardship upon the defendants, as they are exposed to no injustice. Alleged hardship is imaginary, and the argument deduced from that suggestion falls to the ground as soon as it is shown that the injunction of the State court is inoperative to defeat the force and effect of Federal process.
Grant that an injunction issued by a State court may have that effect, and the judicial powers confided to the Supreme Court, and such inferior courts as Congress may from time to time ordain and establish, are of no value, as they can never execute their judgments without the consent of the State courts. Fears that the officers of the corporation may be exposed to imprisonment or actions of trespass, without adequate remedy or redress, are unfounded and groundless. Careful consideration was given to that point in the case of Riggs v. Johnson County, decided at the present term, and we refer to the opinion in that case as furnishing a satisfactory answer to those suggestions. Suffice it to say, that we adhere to the rule that the injunction issued by a State court is inoperative to control, or in any manner to affect process or proceeding in the Circuit Courts of the United States.
Judgment REVERSED and the cause remanded, with instructions to sustain the demurrer of the relator, and for further proceedings in conformity to the opinion of the court.
Mr. Justice MILLER did not sit in this case.