## Case No. 2,892.

CLEWS et al. v. LEE COUNTY.

[2 Woods, 474.][1]

Circuit Court, S. D. Alabama. April Term, 1874.

MANDAMUS TO COMPEL COLLECTION OF TAX.

1. Upon an application for the peremptory writ of mandamus to compel a court of county commissioners to assess and collect a tax to pay off a judgment recovered in a federal court against them, no matter can be set up against the application which was properly used as a defense against the recovery of the judgment.

2. Nor will it be a reason why the writ should not be granted, that the court of county commissioners has been enjoined from the assessment and collection of the tax by a state court. The effect of the case of Supervisors of Carroll Co. v. U. S., 18 Wall. [85 U. S.] 71, considered.

On May 10, 1872, [Henry Clews and Theodore S. Fowler, as] Henry Clews & Co., recovered in the federal court for the middle district of Alabama a judgment against the county of Lee, in the state of Alabama, for the sum of $13,722, being the amount due

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

upon certain unpaid coupons which had been attached to certain bonds of said county, issued by it in payment of a subscription to the capital stock of the Eufala, etc., Railroad Company. Execution was issued on this judgment and returned nulla bona. This application was made to the court for a peremptory writ of mandamus to compel the court of county commissioners of Lee county to levy and assess, as required by law, a tax not exceeding one per centum per annum upon the real and personal property of the county sufficient to pay the judgment. At a former term of the court an alternative writ had been granted, issued and served upon the persons composing the court of county commissioners for Lee county. They filed their answer to the same in which they alleged as reasons why the peremptory writ should not issue: (1) That the bonds on which the judgment was recovered were void in the hands of the first holder, namely, the railroad company to which they were issued in payment of stock, because the terms of the law which authorized their issue had not been complied with; and (2) that Clews & Co. were not bona fide holders for value.

Samuel F. Rice, for motion.
Geo. W. Stone, contra.

WOODS, Circuit Judge. In the action at law, brought by Henry Clews & Co. against the county of Lee, in which the judgment was recovered, the defendant pleaded the general issue, and two special pleas in which the invalidity of the bonds was alleged, and in which it was asserted that the plaintiffs were not bona fide holders for value of said bonds. These matters must necessarily have been passed upon by the court, adversely to the assertions of defendant, before judgment could have been recovered for plaintiffs. Having had its day in court upon these issues, can they be again raised upon this motion? The respondents are concluded by the judgment at law. They cannot go behind it to raise any question touching the causes of action upon which it was rendered. Mayor v. Lord, 9 Wall. [76 U. S.] 413.

It is further alleged as a reason why the writ should not issue, that the court of commissioners of Lee county has been restrained by an injunction issued by the chancery court of Lee county from the collection of any tax to pay the interest upon the bonds; that the bill, upon which the injunction was granted, was filed on the 26th day of November, 1870, and the injunction was made perpetual. So far as the pendency of this bill is supposed to be notice of the invalidity of the bonds to all persons, and to establish that Henry Clews & Co. are not bona fide holders, they having, as claimed, come into possession of the bonds after the filing of the bill, what has already been said has disposed of this point. That defense has already been passed

upon and adjudicated by the judgment at law. Is the fact that the court of county commissioners has been enjoined by the state court of chancery from collecting the tax, which it is the purpose of the mandamus prayed for to compel them to levy and collect, a reason why the writ should not issue? The decisions of the supreme court of the United States are adverse.

In Riggs v. Johnson Co., 6 Wall. [73 U. S.] 195, which was a case, in most of its features similar to this, it was held that "state courts are exempt from all interference by the federal tribunals, but they are destitute of all power to restrain either the process or proceedings in the national courts. Circuit courts and state courts act separately and independently of each other, and in their respective spheres of action, the process issued by one is as far beyond the reach of the other as if the line of division between them was traced by landmarks and monuments visible to the eye. "Viewed in any light, therefore, it is obvious that the injunction of a state court is inoperative to control, or in any manner to affect the process or proceedings of a circuit court, not on account of any paramount jurisdiction in the latter courts, but because, in their sphere of action, circuit courts are wholly independent of state tribunals." To the same effect is the case of U. S. v. Common Council of Keokuk, 6 Wall. [73 U. S.] 516, where the supreme court says: "Principal question in the case is, whether the injunction of a state court had the effect to take away the jurisdiction from the circuit court to issue the writ of mandamus. Discussion of that question is unnecessary, as this court decided at the present term, in the case of Riggs v. Johnson Co. [supra], that a state court cannot enjoin the process of the federal court." So in Mayor v. Lord, 9 Wall. [76 U. S.] 409, where an answer was filed to the petition for the writ of mandamus, alleging, among other things, that the respondents had been enjoined by the state court from levying the tax, the supreme court says: "The injunction cannot avail the respondents. The relator was not a party to the proceeding. If he had been, it is not competent for a state tribunal thus to paralyze the process issued from a court of the United States to give effect to its judgment. This is a sound and salutary principle. It is vital to the beneficial existence of the national courts, and has heretofore been applied by this tribunal, upon the fullest consideration, in other cases presenting the same question." These decisions conclusively settle the question that the injunction issued by a state court restraining the collection of a tax to pay these bonds can have no effect upon the duty or power of this court, in a proper case, to direct the issuance of a mandamus.

The case of Supervisors of Carroll Co. v. U. S., 18 Wall. [85 U. S.] 71, recently decided by the supreme court of the United States, has been pressed upon my attention as show-

ing a disposition on the part of the court to recede from the position taken in the cases above cited. I do not so read the case. The relator in that case had recovered a judgment against the county of Carroll upon county warrants issued for the ordinary expenses of the county. At the time of their issue, it was the settled law of the state, as prescribed by statute, and settled by the supreme court of the state, that the board of supervisors could not levy a tax for the ordinary expenses of the county to exceed four mills upon the dollar. The warrants were issued with this implied understanding, that no greater tax was to be levied for their payment than that prescribed by law. The board of supervisors, in answer to the alternative writ, stated that they had levied a tax of four mills to pay the ordinary expenses of the county, and that the law did not authorize them to levy any greater tax. This was held to be a sufficient return. The court says, "It is very plain that a mandamus will not be awarded to compel county officers of a state to do any act which they are not authorized to do by the laws of the state from which they derive their powers. Such officers are the creatures of the statute law, brought into existence for public purposes, and having no authority beyond that conferred upon them by the author of their being. The office of a writ of mandamus is not to create duties, but to compel the discharge of those already existing. A relator must have a clear right to the performance of a duty resting on the defendant before the writ can be invoked. Is it, then, the duty of the supervisors to levy, in addition to a county tax of four mills, a special tax to satisfy a judgment against the county for its ordinary indebtedness? This question can be answered only by a reference to the statutes of the state."

After a critical examination of the state laws, the court reaches the conclusion that no law authorized the levy of a tax exceeding four mills for ordinary county expenses at the time these warrants were issued. "The holders of the warrants were therefore informed," says the court, "that by the laws of the state no special tax could be levied for their payment. It follows, therefore, that the return was sufficient." This case is very different from the one now under consideration. Remembering that all questions touching the validity of the bonds in this case, and the ownership thereof by Clews & Co. are closed by the judgment in their favor, let us see what is the duty imposed upon the court of county commissioners by law. The 7th section of the act, approved December 31, 1868, under which the bonds were issued (Acts 1858, p. 516), declares that "the court of county commissioners of such counties in which the electors shall have voted in favor of subscription are hereby authorized and required to levy and assess, in the same manner as is now required by law for the collection of state and county taxes, such tax as may be necessary to meet the interest falling due semi-annually on said bonds," etc.

As already intimated, the judgment in this case has settled all questions touching the validity of the bonds, including the question whether the electors had "voted in favor of said subscription." There is nothing, then, left for the court of county commissioners to do, but to levy the tax as authorized and required by the statute. This is their duty. To have this duty performed is a right of the petitioners. The section of the law authorizing and requiring this tax was a part of the contract under which they took those bonds, as much so as if it had been written upon their face. Gunn v. Barry, 15 Wall. [82 U. S.] 610. Here, then, we find the right of the relators to compel the levy of the tax, and the duty of the respondents, coupled with the power to levy the tax. Under these circumstances the duty of the court is plain, namely, upon the application of the petitioners, to compel the respondents to perform that duty which it is the right of the petitioners to have performed. Let the peremptory writ of mandamus issue as prayed for.