## Case No. 13,114.

SMITH et al. v. TALLAPOOSA COUNTY.

[2 Woods, 596.] [1]

Circuit Court, M. D. Alabama. May Term, 1875.

MANDAMUS—To COMPEL COUNTY LEVY—COUNTY COMMISSIONERS—INJUNCTION.

1. Plaintiffs who had recover a judgment against the county of Tallapoosa on coupons detached from bonds, which the board of county commissioners were authorized to issue, and to pay which the law made it their duty to levy and collect a tax, are entitled to the writ of mandamus to compel said commissioners to levy and collect the tax notwithstanding the fact that in a proceeding in equity (to which said plaintiffs were not parties), the chancery court had, before the recovery of said judgment, issued an injunction restraining the county commissioners from the levy and collection of any tax to pay said indebtedness, and said injunction still remained in force.

2. The act of the law as well as the act of God can always be pleaded in a court of justice, as an excuse for performing or not performing any given act.

3. A court of county commissioners being vested by law with certain judicial functions, and also the ministerial function of levying and collecting taxes, the writ of mandamus to compel the levy of a tax by such body cannot be regarded as derogating from the judicial dignity with which they are ex officio invested.

This was an application for the peremptory writ of mandamus. On the 16th of November, 1874, the plaintiffs [Smith & Co.] recovered a judgment for $3,570, against the county of Tallapoosa, Alabama.[2] The judgment was based on certain coupons which had been detached from bonds issued by the county by authority of an act of the legislature of December 31, 1868, which authorized the court of county commissioners to levy and collect a tax to pay said coupons. On December 17, 1874, an execution was issued on the judgment and returned "No property found whereon to levy." The petition for the writ of mandamus alleged that the judgment remained unsatisfied, and that plaintiffs had no other remedy. The court of county commissioners is a body vested with certain quasi judicial, as well as ministerial powers. The persons composing the court of county commissioners admit in their answer the recovery of the judgment against the county. They say it is not true that they have refused to levy the tax, but allege that for the years 1869 and 1870, they did levy and collect the tax, and pay the coupons falling due in those years; that in 1871, the county collector was proceeding to collect the tax for that year, when the tax payers of the county filed a bill to enjoin him from collecting the tax, and the court of county commissioners from levying any other tax for the same purpose. In accordance with the prayer of the bill, a writ of injunction was issued and served upon the collector and commissioners, which

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]
2 [See Case No. 13,113.]

they obeyed. In November, 1873, the bill was dismissed, but an appeal was taken to the supreme court of the state, which was allowed and bond given, the effect of which was to continue the injunction in force. The cause is still pending on appeal and undecided. The commissioners say they dare not violate the injunction, and they are advised by their counsel that they need not do so. To this answer the petitioners for the writ demurred, and upon this demurrer the cause was submitted to the court.

Samuel F. Rice, for petitioners, cited Riggs v. Johnson Co., 6 Wall. [73 U. S.] 198; U. S. v. Council of Keokuk, Id. 514; and Mayor v. Lord, 9 Wall. [76 U. S.] 409.

Thomas H. Watts, contra, cited Taylor v. Carryl, 20 How. [61 U. S.] 583.

BRADLEY, Circuit Justice. We have looked at the authorities referred to by counsel in this case, and do not see the inconveniences and conflict of jurisdiction which the counsel for the defendants apprehends. It is conceded that the plaintiffs who recovered judgment against the county of Tallapoosa, were not parties to the litigation in the chancery court for the said county; and, although in that suit as well as in the suit on which the said judgment was recovered, the validity of the bonds and coupons sued on was in question yet not being in question between the same parties, the two litigations were entirely independent of each other, and the action of the chancery court cannot be deemed a binding adjudication against the plaintiffs here. The court of county commissioners of Tallapoosa county is under injunction, it is true, not to do the very thing which a mandamus from this court would require them to do. But they cannot be embarrassed by this, because the act of the law as well as the act of God can always be pleaded in excuse of performing or not performing an act. The mandamus of this court would be an act of law which could thus be pleaded by the commissioners in excuse of not obeying the injunction; and such an excuse will undoubtedly be accepted by the chancery court. This is so, not because this court has any superiority over that court, but from the nature and circumstances of the case, and particularly from the fact that the plaintiffs in this case were not parties in that court. Had they been parties, and had they instituted suit and obtained judgment against the injunction of the chancery court, they would be guilty of contempt and answerable therefor to that court. But not being parties, they are not affected by the proceedings had therein, and cannot be deprived of the execution of their judgments. The court of county commissioners in this proceeding is not to be regarded as a court of judicature, but as the administrative authorities of the county, having the ministerial duty to perform of levying taxes when the law makes it their duty

to do so. Their duty in this regard is just as much a ministerial one as is that of the sheriff, when he has a writ in his hands commanding him to levy and make a sum of money out of the property of the defendant. As such ministerial officers, they have no interest, but simply to obey and carry out the law; and a mandamus cannot be regarded as derogating from any judicial dignity with which they are ex officio invested in relation to matters of judicature.

Under the authority of the cases decided by the supreme court of the United States, which were cited by the counsel of the plaintiffs, we think that a mandamus should be issued.