[No. 9962.   Department One.—August 18, 1885.]

## A. F. JONES, RESPONDENT, v. WM. J. MORGAN, APPELLANT.

MANDAMUS— PLEADING— CLAIM AGAINST A COUNTY.—In an application for a writ of mandate to compel a county treasurer to pay a warrant previously issued by the county auditor, a petition which alleges that the board of supervisors of the county audited and allowed the claim, and ordered the auditor to draw a warrant for its amount, and that the auditor in pursuance of this order issued, drew, and delivered to the claimant such warrant, is sufficient, although it does not follow the exact words of the statute.

PRACTICE— APPEAL— QUESTION EXCLUDED FROM THE ISSUES.—A question which has been excluded from the issues by the act of the appellant himself cannot be considered on appeal.

COUNTY OFFICER— CONTRACT WITH SUPERVISORS FOR EXTRA COMPENSATION— WHEN VALID.—A contract by which the board of supervisors of a county employ the district attorney of the county for a special compensation to attend to the interests of the county in a suit which is to be tried in another county after the expiration of his term of office, does not increase his salary as district attorney; and if the contract is made in good faith, it is not void.

APPEAL from a judgment of the Superior Court of the county of Butte, and from an order refusing a new trial.

The facts are stated in the opinion.

*John C. Gray,* for Appellant.

The demurrer should have been sustained. (Stats. 1883, p. 323.) The contract was void, being against public policy. (1 Dillon on Munic. Corp. 3d ed. §§ 233, 234, 444; *Andrews* v. *Pratt,* 44 Cal. 309; *San Diego* v. *S. D. & L. A. R. R. Co.,* 44 Cal. 106.)

*T. B. Reardan & Son,* for Respondent.

The contract was valid. (*Love* v. *Baehr,* 47 Cal. 364; *Hornblower* v. *Duden,* 35 Cal. 664; *Herrington* v. *Santa Clara Co.*

44 Cal. 502; *El Dorado Co.* v. *Elstner*, 18 Cal. 144; *Smith* v. *Mayor of Sacramento City*, 13 Cal. 532.)

FOOTE, C.—The plaintiff brought a petition for a writ of mandate in the Superior Court of Butte County, against the defendant as treasurer of that county, the object being to compel the treasurer to pay a warrant issued to the plaintiff previously by the auditor of the said county.

In referring to the action of the board of supervisors of said county in his petition, the plaintiff, among other things, avers: "that at the said December session of said board of supervisors the said board audited and allowed said claim of plaintiff in the sum of $500, and ordered the auditor of Butte County to draw a warrant in favor of plaintiff on the defendant as treasurer of said county for said sum of $500."

This petition was demurred to and answered at the same time.

The grounds of demurrer were "that the petition did not state facts sufficient to authorize the court to grant the writ of mandate or to give any relief." The demurrer was overruled. A trial on the merits was then had of the case by the court, a jury being waived.

The judgment of the court was to order a peremptory writ of mandate as prayed for, and for costs against the defendant.

A new trial was moved for and denied. On this motion a statement was agreed upon in open court, and by a stipulation it was afterward agreed that it should be the statement upon appeal.

From the judgment of the court, and its order denying the motion for a new trial, an appeal was taken.

The only ground relied on in argument by the appellant to reverse the court below in its ruling on the demurrer is that the complaint did not set out in reference to the claim of plaintiff "it was ordered paid" in the very language of the statute.

The complaint recited that the board of supervisors of Butte County "audited and allowed said claim of plaintiff in the sum of $500, and ordered the auditor of Butte County to draw a warrant in favor of plaintiff on the defendant, as treasurer of said county, for said sum of $500."

It further alleged "that on the 12th day of December, 1884,

the auditor of said county of Butte, in pursuance to said order of the said board of supervisors of said county, issued, drew, and delivered to plaintiff a warrant for said sum of $500."

The allegations in the complaint thus demurred to were, we think, entirely full and sufficient. A similar complaint to the one under discussion was held to be good by this court in the case of *Connor* v. *Morris*, 23 Cal. 451.

Upon the trial of the case at bar, it was stipulated by counsel in open court, that the only questions and issues to be submitted to the court were: —

1. Is the petitioner the party beneficially interested and owner of the warrant set forth in the petition?

2. Has the warrant set forth in the petition been duly presented to the defendant for payment, and payment demanded thereof and payment refused?

3. Has plaintiff (petitioner) suffered any damage by reason of the refusal of defendant to pay the warrant set out in the petition?

4. Is the warrant set forth in the petition founded on a legal claim against the county of Butte?

The court found that the warrant was the property of the petitioner; that it was duly presented to and refused payment by the defendant, and by reason of such refusal to pay it, no damage had resulted to the plaintiff.

Upon the first three propositions there can be no doubt of the correctness of the findings, and this is so plain that discussion of them is needless.

It is strenuously argued by the appellant, that the board of supervisors of Butte County *never ordered* the claim of the petitioner to be paid; but in his answer to the petition he did not deny the allegations of the complaint upon that point; hence those allegations are by the pleadings admitted to be true.

It being thus virtually admitted by the pleadings that the question raised by the appellant above alluded to is without the issues to be tried, and that too by the act of the defendant, he cannot be heard to complain here.

The appellant further contends that the trial court erred in overruling his objection to the introduction of warrant " No. 773" in evidence, but as the objector did not see proper to

include in the stipulation of issues to be passed on by the court any question as to the validity of the warrant on its face, but expressly agreed to exclude it, by agreeing that the issues thus submitted by the stipulation were the only issues, he could not under those issues thus limited be heard legally to object to the introduction of the warrant in evidence, nor can we entertain such objection here.

As to the point made that the contract was void and the warrant likewise, because the petitioner sought to have his salary increased, and that in allowing his claim and ordering the warrant to be drawn for it, the board of supervisors of Butte County increased his salary, it is plain from the evidence that no such thing was in contemplation or was done.

The evidence shows that the petitioner was district attorney of Butte County up to January 5, 1885; that the board of supervisors of that county employed him to attend to a case which was not to be tried until his term of office should expire; that the case had been transferred before his employment to Sutter County, and that the petitioner was retained to go into that county and look after the case and protect the interests of Butte County. The board of supervisors in their discretion certainly had the power, in this sort of a case, to employ counsel to attend to Butte County's interest in Sutter County, and the fact that they retained their then district attorney to go out of his own county, and attend to the case like any other attorney, and agreed to pay him for it, was not an increase of his salary for anything he had done, or ought to have done, or was to do while holding his office in Butte County.

But the last and most important objection raised by the defendant is that the contract on which the claim is based is void, for the reason, as he contends, that neither the petitioner could make such a contract with the board of supervisors, nor the board of supervisors with him. In this connection it is urged that a district attorney, being by law the legal adviser of the board of supervisors of his county, cannot make any contract with them as to any employment which entails any payment of money to him other than his compensation fixed by law.

It is urged that this cannot be done, because as a county officer, the district attorney cannot contract with the board of

supervisors of a county, he being like a director in a corporation, or a member of a town council, or a member of such board of supervisors.

The district attorney is the legal adviser of the board of supervisors of his county, and as to all cases of the county pending in the courts which it is his duty as district attorney to appear in and conduct, he can make no contract with that board to receive any compensation outside of that allowed him by law; but when it is sought by that board to secure his services as an attorney-at-law, and the services are to be rendered outside of the county of which he is district attorney, and the contract for their rendition is made in good faith, and they are of a character for which such a board in its discretion has the lawful right to employ counsel, we are not prepared to say it cannot be done.

The case of *Mayor etc. of Niles* v. *Muzzy*, 33 Mich. 62, is a case in point. Muzzy was an attorney at law, and also mayor and councilman of the town of Niles. While occupying the municipal office, that corporation employed him as an attorney at law, through its council, to attend to a suit in which it was interested in a neighboring court. He attended to the case in that tribunal, demanded his fee, it was refused payment, and he brought suit for it.

On the part of the town the point was urged that by reason of Mr. Muzzy being a municipal officer he could not claim pay for his services as an attorney at law; but the Supreme Court of Michigan declared that he was entitled to pay for such services, as there had not been shown in the case any fraudulent or collusive conduct on his part, or that of any other of the municipal officials.

In Kansas a county attorney recovered for services performed upon an implied contract in prosecuting a criminal action in a county of which he was not an officer, the action being one in which his county was interested. (*Huffman* v. *Board of Commissioners of Greenwood Co.* 23 Kan. 281.)

We hold to the doctrine held heretofore by this court in the cases of *Andrews* v. *Pratt*, 44 Cal. 317, and *San Diego* v. *S. D. & L. A. R. R. Co.* 44 Cal. 106; but they were dissimilar to the case under consideration.

The petitioner here is neither a member of the board of supervisors of a county or a stockholder or director in a railroad cor-

poration, seeking to contract with himself on the part of the corporation or board of which he is a member.

There does not appear in the record before us any evidence that the petitioner has been guilty of the least bad faith in making his contract with the board of supervisors of Butte County, or that he or any one for him has exercised any undue influence over that board in the matter; neither is it evidenced in any way that such board of supervisors was beneficially interested in the claim, or was actuated throughout the transaction by any motive save that proceeding from an honest desire as guardians, so to speak, of protecting to the best of their skill and judgment the interests of said county, and in the utmost good faith toward all concerned.

We are of the opinion that the judgment and the order of the court denying a new trial ought to be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are affirmed.