[No. 12061. In Bank. — June 13, 1890.]

RAY G. FALK, RESPONDENT, *v.* FLEET F. STROTHER, AUDITOR, ETC., APPELLANT.

MANDAMUS — DUTY OF COUNTY AUDITOR — DECISION OF SUPERVISORS UPON APPEAL — SAN FRANCISCO CONSOLIDATION ACT. — *Mandamus* will lie to compel the county auditor of the city and county of San Francisco to audit and allow a demand upon the treasury of said city and county, after a decision of the supervisors allowing the demand has been rendered upon appeal from the refusal of the auditor to audit the same, taken pursuant to section 92 of article 6 of the Consolidation Act, the decision of the supervisors upon such appeal being expressly made final, so far as the auditing of the demand is concerned.

ID. — MINISTERIAL ACTION OF AUDITOR — DISCRETION. — The auditor, after such decision upon appeal, has a mere ministerial duty to perform, enjoined upon him by law, to audit and allow such demand, and can no longer exercise any discretion in the premises.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, awarding a writ of mandate to the county auditor of said city and county.

The facts are stated in the opinion of the court rendered in Department Two.

*George Flournoy, Jr.*, *Wilson & Wilson*, and *Philip G. Galpin*, for Appellant.

*Oliver P. Evans*, and *M. A. Edmonds*, for Respondent.

McFARLAND, J.—After a full consideration of this cause upon hearing in Bank, we are satisfied with the decision of Department Two, and the opinion rendered by said Department. We see no escape from the conclusion there reached. Under section 92 of the Consolidation Act, the action of the board of supervisors on an appeal from the auditor is expressly made final, *so far as the auditing of a demand* is concerned. Upon the appeal, if the board approves and allows the demand, it is made the duty of the auditor to enter it "in the proper book, in like manner as other demands allowed by him, and an indorsement must be made of its having been so entered." And this is all that the judgment of the court below requires to be done. Whether or not the payment of the demand could be prevented or enforced at any other stage of its history, is a question which does not arise here.

Judgment affirmed.

Fox, J., SHARPSTEIN, J., and PATERSON, J., concurred.

WORKS, J., and BEATTY, C. J., dissented.

The following is the opinion above referred to, rendered in Department Two on the 2d of December, 1889:—

SHARPSTEIN, J.—This appeal is from a judgment directing a peremptory writ of mandate to issue out of the superior court of the city and county of San Francisco, commanding the defendant, Fleet F. Strother, auditor of said city and county, to audit and allow the demand of the plaintiff, Ray G. Falk, for his salary as agent of the board of election commissioners for the detection of fraud and the scrutinizing of the registra-

tion of voters, and appointment of election officers for the half-month of September, 1886. Said board of election commissioners approved and allowed his claim and demand for a half-month's salary as agent aforesaid. Such demand was afterward presented to the defendant, auditor as aforesaid, and he refused to audit and allow the same. The plaintiff then appealed from the decision of defendant to the board of supervisors of said city and county, and said board approved and allowed said demand. Thereafter, plaintiff presented his said claim, so approved and allowed by said board of supervisors, to defendant, and requested him to allow and audit the same, and make the proper entries in the proper books in like manner as in other demands allowed by him, and to make the proper indorsement on the same.

Section 92 of article 6 of the act of the legislature, commonly known as the Consolidation Act, provides that " if any person feel aggrieved by the decision of the auditor, or other proper officer or officers of said city and county, except the board of education, in the rejection of or refusal to approve or allow any demand upon the treasury presented by such person, he may appeal, and have the same passed upon by the board of supervisors, whose decision thereon shall be final; and if the said board shall approve and allow the demand, it shall afterward be presented to the auditor, and entered in the proper book in like manner as other demands allowed by him, and an indorsement must be made of its having been so entered before it can be paid."

Conceding, as we do, that the auditor was justified in refusing to audit and allow this claim when presented to him for that purpose, was it not his plain duty, after his decision had been appealed from to the board of supervisors and reversed by that board, to enter it in like manner as other demands allowed by him?

Such appears to be the duty enjoined on him by law, and the law must be obeyed.

After an appeal has been taken from the decision of the auditor, and his decision reversed by the board of supervisors, the duty of the auditor is simply ministerial or clerical. He can no longer exercise any discretion in the premises. The law plainly prescribes his duty.

Judgment affirmed.

McFARLAND, J., concurred.

THORNTON, J., concurred in the judgment.