[No. 2915. Decided August 22, 1898.]

G. H. BACON *et al., Appellants,* v. CITY OF TACOMA,
*Respondent.*

CITY WARRANTS — NON-PAYMENT — REMEDIES — MANDAMUS.

Where warrants have been issued by a city, the proper reme-
dy is not an action at law to recover the amount due thereon,
but mandamus to compel their payment, even if the liability of
the city is disputed on the ground they have been once paid
or are forgeries, since Laws 1895, p. 118, § 21 (Bal. Code, § 5760),
permits the trial of disputed questions of fact in mandamus pro-
ceedings.

Appeal from Superior Court, Pierce County.—Hon.
J. A. WILLIAMSON, Judge. Affirmed.

*Edward E. Cushman, Francis W. Cushman,* and
*Charles Ethelbert Claypool,* for appellants.

*W. H. Pritchard,* and *Walter M. Harvey,* for respond-
ent.

The opinion of the court was delivered by

ANDERS, J.—The plaintiffs and appellants brought this
action to recover the amount alleged to be due upon three

certain warrants of the city of Tacoma. It is alleged as to each warrant that it was issued and delivered on September 18, 1893, for value received, by the duly authorized agents and officers of the city, and that it was presented for payment on September 21, 1893, to the treasurer of said city and indorsed by him, " not paid for want of funds;" that no payments have been made thereon, though plaintiffs have often demanded payment of the defendant; that the city has sufficient money in its general fund properly applicable for the purpose to pay the several warrants and accrued interest thereon. It is further alleged, on information and belief, that the refusal of the defendant, its agents and officers, to pay said warrants, is for the reason that there is a dispute as to the facts between plaintiffs and defendant as to whether there is anything due on each of said warrants, defendant claiming it has been paid and is a forgery, which plaintiffs deny. A general demurrer was interposed to the complaint and sustained by the court, and, plaintiffs declining to plead further, judgment was rendered against them, dismissing the complaint and for costs, from which judgment this appeal was taken.

It appears that the only question argued or considered in the court below was whether plaintiffs had resorted to the proper remedy, the respondent contending that mandamus against the treasurer of the city is the only proper remedy, and that the appellants could not maintain an ordinary action at law to collect the amount of the warrants. And this contention raises the sole question presented to this court for determination. The learned counsel for the appellants, while recognizing the general rule that mandamus is the proper remedy to compel a city treasurer to pay city warrants in the order prescribed by law, nevertheless insists that the fact that the complaint in this case shows that there is a disputed question of fact, takes the

case out of the ordinary rule of procedure. This contention seems to be based upon what was said upon this proposition in the first opinion of this court in *Bardsley v. Sternberg,* 17 Wash. 243 (49 Pac. 501); but it will be noticed, by reference to that case, that the question was not there deemed material, and, further, that the court there overlooked the plain provisions of our own late statute upon this question. By the act of March 13, 1895, entitled, "An Act regulating special proceedings of a civil nature," the proceeding in mandamus is assimilated as nearly as possible to ordinary actions at law. It is deemed a special civil proceeding, and the statute (§ 16, Laws 1895 p. 117, Bal. Code, § 5755) provides that the writ of mandate may be issued to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station, etc. And § 20 (Bal. Code, § 5759) of the act provides that on the return of the alternative writ, or the day on which the application for the writ is noticed, the party on whom the writ or notice is served may show cause by answer under oath, made in the same manner as an answer to a complaint in a civil action. And in § 21 (Bal. Code, § 5760) it is provided that if an answer be made which raises a question as to a matter of fact essential to the determination of the motion and affecting the substantial rights of the parties, and upon the supposed truth of the allegation of which the application for the writ is based, the court may, in its discretion, order the question to be tried before a jury, and postpone the argument until such trial can be had and a verdict certified to the court. A new trial is also provided for, and provision is made as to the mode of proceeding in case no answer be made. The parties to the action are known as plaintiff and defendant, as in ordinary cases. From these provisions, it is manifest that questions of fact may be tried and

determined either by the court or by a jury, if a jury is demanded, and such is held to be the law in other jurisdictions. See *Ireland v. Hannell*, 90 Iowa, 98 (57 N .W. 715); *Jones v. Morgan*, 67 Cal. 308 (7 Pac. 734); *Raisch v. Board of Education*, 81 Cal. 542 (22 Pac. 890); *Falk v. Strother*, 84 Cal. 544 (24 Pac. 110); *Thomas v. Town of Mason*, 39 W. Va. 526 (20 S. E. 580).

That the appellants have mistaken their remedy is shown by the following decisions of this court: *Cloud v. Town of Sumas*, 9 Wash. 399 (37 Pac. 305); *Abernethy v. Town of Medical Lake*, 9 Wash. 112 (37 Pac. 306).

The case last cited was, like this, an action against a municipal corporation, and in respect to the remedy this court made the following observations:

" The complaint shows a settled and allowed claim against the town, and the issuance of slightly irregular warrants which can, upon demand, be replaced by proper general fund warrants of the same dates. These can be had upon application to the mayor and clerk, and, if they refuse, mandamus will lie to compel the performance of their duty. These warrants the treasurer must pay in the order of their issuance, out of any funds coming into his hands belonging to the general fund, and, if he refuses, a like suit will lie against him. The statutes prescribe how municipal corporations shall pay ordinary contract debts, viz., by the issuance of a warrant payable in its order, with interest from date of presentation. But it is not contemplated that the owner of an allowed claim shall sue the corporation generally, upon the original contract, when the clerk or other officer refuses to issue a warrant; nor that the holder of a warrant which the treasurer declines to pay shall get a judgment upon the warrant. Such a judgment, like a judgment upon a claim disallowed, would again be settled by a warrant, and take its turn in the order of payment. The contracting powers of the town have done all they can by the making of the contract and the allowance of the claim; it is the ministerial officers who are now in

fault, and the plaintiff must move them to action before he is entitled to any other remedy."

In the *Cloud case* the plaintiff had advanced moneys to the defendant, taking its warrants therefor, and, on failure of payment, sued the town to recover the amount advanced, and in the course of its opinion this court said:

" If this action can be maintained upon the warrants which have been issued, then a like suit might be maintained upon the warrants issued in satisfaction of this judgment, and so on, without limit. Clearly the law contemplates no such proceedings. The plaintiff, already has the town's evidences of indebtedness, issued to him in regular form, and if the treasurer should refuse to pay them in their regular order, he can resort to a mandamus to compel such payment. . . . And the questions, if they are further insisted upon, affecting the legality of such warrants, can be tried in that proceeding."

And so it may be said here, that if the plaintiff should maintain this action and recover judgment against the city, all he would get in satisfaction of his judgment would be other warrants, such as he now has. And it is therefore apparent that not only this, but any other action of like character would be entirely futile. If, as it appears from the complaint, the treasurer is of the opinion that the warrants have been paid, or that they are forgeries, the burden is upon him to establish such defense. The city has performed its whole duty in the premises by causing the warrants to be issued and signed by its proper officers, and it does not appear anywhere in the complaint that it is interposing any objections to their payment. It is manifest, therefore, that it should not, in the present status of the case, at least, be harassed by an action of any character whatever. Under the charter and ordinances of the city it is the legal duty of the treasurer to pay warrants properly drawn, and, if he has any valid excuse for not paying, it is

incumbent upon him to set it forth and establish it by sufficient proof.

We are of the opinion that the judgment of the court below was right, and it is therefore affirmed.

GORDON and DUNBAR, JJ., concur.