[No. 2972. Decided August 22, 1898.]

THANKFUL SAVAGE, *Appellant*, v. W. A. STERNBERG, as *Treasurer of the City of Tacoma, Respondent.*

CITY WARRANTS — MANDAMUS TO ENFORCE PAYMENT — DEFENSES — VOID
INJUNCTION — PARTIES.

The fact that a city has been enjoined from paying certain warrants cannot be set up as a defense to mandamus proceedings to compel payment by one who was not a party to the injunction suit.

A party or officer is not bound by a void injunction or order of the court, and will not be punished for its violation.

In an action of mandamus by a warrant holder against a city treasurer to enforce payment of a warrant duly executed by the proper city officers, the city is not a necessary party defendant, as the presumption is that the claim evidenced by the warrant was properly audited and allowed.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Reversed.

*O. G. Ellis,* and *A. H. Denman,* for appellant.
*W. H. Pritchard,* and *Walter M. Harvey,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This was an application for a writ of mandate to compel the treasurer of the city of Tacoma to pay five certain city warrants. It is shown by the averments of the petition and affidavit that the city was indebted to the

Fox Island Clay Works, and that the warrants in question were issued on account thereof; that they were issued to the payee therein named on September 18, 1893, and that they were presented to the city treasurer for payment on September 21, 1893, and indorsed by him, "not paid for want of funds;" that they were subsequently delivered to the appellant for value, and that appellant is now the owner and holder of the same; that the treasurer has money in his hands sufficient to pay the warrants, and applicable to the payment thereof. It is also alleged in the petition and affidavit that, prior to the commencement of this action, the payment of said warrants was demanded of the city treasurer, and that the said treasurer refused to pay said warrants, because he and the city of Tacoma had been enjoined from paying said warrants in a certain action in the superior court of Pierce county wherein one D. F. Murry was plaintiff and the said W. A. Sternberg and the city of Tacoma were defendants; that in said action in the superior court of Pierce county, wherein said Murry was plaintiff and this defendant and others were defendants, the city of Tacoma, and this defendant and others, were enjoined from paying any general fund warrants issued by the said city of Tacoma between the 16th day of August, 1892, and the 19th day of April, 1894, on the ground that all warrants issued between said dates had been once paid; that the said warrants were erroneously included in this injunction, and have never been paid; that neither the plaintiff herein, nor any person interested in the warrants herein sued upon, was a party to the action wherein said Murry was plaintiff. A demurrer was interposed to the petition and affidavit on the grounds (1) that there is a defect of parties defendant; (2) that the petition and affidavit do not state facts sufficient to authorize the issuance of the writ; and (3) that plaintiff has a plain, speedy and ade-

quate remedy at law. This demurrer was sustained by the court, and, the plaintiff having elected to stand upon her complaint, judgment was rendered against her for costs, and dismissing her action, from which judgment this appeal is taken.

The principal question discussed in the briefs of counsel, and, in our view of the case, the only one requiring an extended discussion here, is whether the injunction was a sufficient excuse for the refusal on the part of the city treasurer to pay appellant's warrants. That it was sufficient is stoutly asserted by counsel for the respondent, and in support of their contention the following cases are cited: *Ohio & I. R. R. Co. v. Commissioners of Wyandot County*, 7 Ohio St. 278; *State ex rel. Mills v. Kispert*, 21 Wis. 392; *Ex parte Fleming*, 4 Hill, 581. The decisions in these cases seem to have been based solely upon the proposition that the court would not place the defendant between two fires by subjecting him to contradictory orders. It is said in the Ohio case that, if the writ of mandate should issue, the defendant would be guilty of contempt if he did not obey it, while, on the other hand, he would be equally in contempt for disobeying the decree of injunction. While we entertain the greatest respect for the learning and ability of the courts which rendered these decisions, we are not disposed to follow them, for the reasons—first, that they impliedly, at least, seem to concede that a person may be bound by a judgment although he was not a party to the action in which it was rendered; and, second, that they in effect concede, contrary to the rule announced by this and other courts, that a violation of a void order or judgment will subject the party disregarding it to punishment as for contempt.

In *State ex rel. News Pub. Co. v. Milligan*, 3 Wash. 144 (28 Pac. 369), this court held that an officer of the city of

Tacoma was not bound by an injunction of the superior court which was void for lack of jurisdiction in the court. It is true that, in that case, the court had not jurisdiction of the subject-matter, but the result would have been the same had there been want of jurisdiction of the person. Upon this subject, Mr. Freeman, in his work on Judgments (4th ed., § 116), says:

" If the want of jurisdiction over either the subject-matter or the person appears by the record, or by any other admissible evidence, there is no doubt that the judgment is void."

And in the following section he states what we deem would be held to be good law everywhere, that

" A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it, and all claims flowing out of it, are void. The parties attempting to enforce it may be responsible as trespassers."

And Judge Van Fleet declares the law to be that, if a judgment is lacking either in jurisdiction of the subject-matter or of the person, it is entirely worthless, no matter in what court rendered, and no one is bound to obey it. The oath of all officers compels them to disregard it. And he further says that a few cases hold that want of jurisdiction over the person does not make the judgment of the superior court void, but they are out of line and wrong on principle. Van Fleet, Collateral Attack, § 16. And in accordance with this principle this court, in the case of *Stallcup v. Tacoma*, 13 Wash., at page 152 (42 Pac. 544; 52 Am. St. Rep. 25), observed:

" The remaining allegations of the complaint are directed to questions which, in our view, ought not to be considered by a court of equity without having all of the parties direct-

ly affected by the decree before it.   .   .   .   Such a decree could have no binding force as against strangers to the record."

That a party or officer is not bound by a void injunction or order of the court, and will not be punished for violation thereof, was also decided in the following cases:   *In re Sawyer,* 124 U. S. 200 (8 Sup. Ct. 482);   *Ex parte Fisk,* 113 U. S.   713 (5 Sup. Ct. 724);   *In re Ayers,* 123 U. S. 443 (8 Sup. Ct. 164);   *Walton v. Develing,* 61 Ill. 201;   *Andrews v. Knox County,* 70 Ill. 65;   *Darst v. People,* 62 Ill. 306;   *Lamb v. Railroad Co.,* 39 Iowa, 333;   *Salling v. Johnson,* 25 Mich. 489;   *Smith v. People,* 2 Colo. App. 99 (29 Pac. 924).   And that it is the duty of an officer to obey the law, rather than the order of the court, is expressly announced in *Walton v. Develing, supra,* in which the court said:

" The court, as 'well as the inferior officer, must be governed by the law.   When the law imposes a positive duty upon a public functionary, and a court commands him not to perform it, he must obey the law and disobey the writ of the court."

Nor is our view that the injunction was not available as a defense in this case without the support of high authority elsewhere.   In *Mayor v. Lord,* 9 Wall. 409, which was a mandamus proceeding to compel the mayor and aldermen of the city of Davenport to levy a tax to pay a judgment obtained against the city by the plaintiffs, and in which the defendants pleaded that they had been enjoined from levying the tax, the court said:

" The injunction cannot avail the respondents.   The relator was not a party to the proceeding."

And in *Smith v. Commissioners,* 2 Woods, 596, which was a mandamus to compel the commissioners to levy and collect a tax for the payment of coupons detached from

bonds, the court held that an injunction in which the plain-
tiffs were not parties, restraining the commissioners from
levying and collecting any tax to pay said indebtedness,
was not a good defense to the proceeding. In the course of
his opinion, Justice BRADLEY of the supreme court, sitting
as circuit justice, used the following language with respect
to the injunction:

"The court of county commissioners of Tallapoosa coun-
ty is under injunction, it is true, not to do the very thing
which a mandamus from this court would require them to
do. But they cannot be embarrassed by this, because the
act of the law as well as the act of God can always be plead-
ed in excuse of performing or not performing an act. The
mandamus of this court would be an act of the law, which
could thus be pleaded by the commissioners in excuse of
not obeying the injunction, and such an excuse will un-
doubtedly be accepted by the chancery court. This is so,
not because this court has any superiority over that court,
but from the nature and circumstances of the case, and par-
ticularly from the fact that the plaintiffs in this case were
not parties in that court. Had they been parties, and had
they instituted suit and obtained judgment against the in-
junction of the chancery court, they would be guilty of
contempt, and answerable therefor to that court. But, not
being parties, they are not affected by the proceedings had
therein, and cannot be deprived of the execution of their
judgments."

It seems to us that the above states the true doctrine up-
on this question, and the same principle was announced on
the authority of *Mayor v. Lord, supra,* in *Clews v. Lee
County,* 2 Woods, 474. In *State ex rel. Merle v. Dubuclet,*
26 La. An. 127, which was a proceeding by mandamus to
compel the state treasurer to pay certain state warrants, it
was likewise held that the plea that the treasurer had been
enjoined from paying them was insufficient. See, also,
*United States v. Council of Keokuk,* 6 Wall. 518.

It is suggested by the learned counsel for the respondent that there is a defect of parties appearing upon the face of the petition and affidavit; but we think otherwise. We must presume that the claims evidenced by these warrants were properly allowed by the city council and audited by the comptroller, for the presumption is that all officers perform their duties. And the fact that these warrants were signed by the president of the council and the city clerk, countersigned by the comptroller, indorsed by the city treasurer, and are now in the possession of the appellant, raises the presumption that they have not been paid, and it is the duty of the treasurer, enjoined by the law under which he is acting, to pay such warrants, and, if he has any defense, it is incumbent upon him to establish it. In *Bacon v. Tacoma, ante,* p. 674 (54 Pac. 609), we endeavored to show that, under our statute, mandamus is the proper remedy to compel the city treasurer to pay warrants properly drawn upon him, and that in such a proceeding all essential matters of fact may be tried and determined, and the authorities there cited are applicable here. It is therefore unnecessary to enter into a discussion of these questions at this time.

For the foregoing reasons the judgment of the court below is reversed, and the cause remanded, with instructions to overrule the demurrer.

GORDON and DUNBAR, JJ., concur.