[No. 17629. Department Two. March 22, 1923.]

JOHN CARLSON et al., Respondents, v. KITSAP COUNTY et al., Appellants.[1]

HIGHWAYS (11, 12)—ESTABLISHMENT—AUTHORITY TO CONSTRUCT NEW ROAD—STATUTES—CONSTRUCTION. Under Rem. Comp. Stat., § 6672, authorizing the county commissioners to cause to be "constructed or improved," any county road, new roads may be located and constructed, notwithstanding some language indicating that improvement only was within the legislative intent.

SAME (22)—DEFECT IN PROCEEDINGS—FAILURE TO OBJECT—ESTOPPEL. Property owners who failed to appear and object to an assessment of their property for a county road, and stood by permitting the cost to be incurred and bonds and warrants to be issued and pass into the hands of innocent purchasers, and who enjoyed the benefits for five years, are estopped from asserting want of jurisdiction because the proceedings were not initiated by a petition of the owners of two-thirds of the lineal frontage thereon.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered October 31, 1922, in favor of the plaintiffs, in an action to enjoin the collection of a tax, tried to the court upon an agreed statement of facts. Reversed.

[1] Reported in 213 Pac. 930.

*Ray R. Greenwood* (*F. W. Moore,* of counsel), for appellants.

*S. S. Langland,* for respondents.

TOLMAN, J.—Respondents, as plaintiffs, began this action to enjoin Kitsap county and its treasurer from collecting certain special assessments levied against their property as its proportionate share of the cost of the construction, extension, and improvement of a county road designated as county road No. 27, and known as the "Sheridan Road." From a decree setting aside the special assessments as to the plaintiffs in the action, and holding that the county acted without jurisdiction as to them in imposing the assessments complained of, the defendants have appealed.

The case was tried upon an agreed statement of facts, and there being no issue in that respect, we shall refer to the facts only sufficiently for an understanding of the legal points involved.

In March, 1914, a petition was filed with the county commissioners of Kitsap county praying for the improvement in question. Among the signers thereto were some eight or nine of the respondents herein. The improvement was sought under ch. 224, Laws of 1909, p. 768, being § 5808 *et seq.,* Rem. & Bal. Code, and § 6672 *et seq.,* Rem. Comp. Stat., entitled: "An act providing for the construction and improvement of county roads at the expense of the lands specially benefited thereby"; etc., the first section of the act reading as follows:

"The board of county commissioners of any county in this state shall have power, as hereinafter provided, to cause to be constructed or improved any county road, or any part of such road, within the limits of their respective counties, by deviating from existing lines whenever it shall be deemed of advantage to obtain a

shorter or more direct road without lessening its usefulness or whenever such deviation is of advantage by reason of lessened gradients, or by draining in any direction to reach the most convenient and sufficient outlet, or by grading or by constructing thereon a roadway of telford, macadam, gravel, or any other suitable material; and to levy and cause to be collected an assessment upon all lots, tracts and parcels of land specially benefited by such improvement for paying the cost and expenses thereof, which assessment shall become a first lien upon all property liable therefor, prior and superior to all other liens and encumbrances; and to provide for the payment of such assessment either on the immediate payment plan or by installments; and to issue local improvement district warrants for such installments." Rem. Comp. Stat., § 6672.

The commissioners proceeded under the terms of the act in all respects except that the petition as filed and acted upon was not signed by "the owners of two-thirds of the lineal feet of lands fronting on such county road, or part thereof sought to be improved," as specified in § 6674; and except that it is claimed that the assessment was arbitrarily made and not in accordance with the benefits. One of the respondents herein was duly elected as one of the three supervisors, and qualified as such. The petition called for the location and establishment of a new road, and the first point of attack is the attempt of the county commissioners to locate and construct a new road under this statute.

We have already quoted in part the title and that portion of the act conferring power on the county commissioners, and the question raised calls for a construction of the words "shall have power, as hereinafter provided, to cause to be constructed or improved any county road, or part of such road, within the limits of their respective counties," etc. This is not the act considered in *Gregory v. Commissioners of Kitsap*

*County,* 110 Wash. 476, 188 Pac. 761. The act there considered relates to improvement of public highways only, while this act authorizes construction or improvement. The use of the word "construction" in the disjunctive would seem to indicate that the legislature intended thereby to authorize the building of something new, otherwise the word is meaningless and adds nothing to what follows. Since it is our duty to give effect to each word used, and if that be reasonable, treat none as meaningless, and since in its common use "construction" means the creation of something new, rather than the repair or improvement of something already existing, we cannot hold that the act in question withholds the power to locate and construct new roads. In so deciding we have not overlooked the fact that later sections of the act contain language indicating that improvement only was there in the legislative mind; but these expressions in no way limit the power granted by § 1.

It is next contended that the commissioners were without jurisdiction to proceed because the petition was not signed by the owners of two-thirds of the lineal feet of frontage. If this contention had been raised properly in the proceedings before the commissioners, the petition would no doubt have been held to be defective; but can the parties interested, with full knowledge of the proceedings, stand by and permit the building of the road at an expense of $13,500, the levy of assessments aggregating that amount upon the property specially benefited, and after having obtained and for five years enjoyed all of the benefits, then for the first time interpose this defense to avoid paying for what they have received?

It was held in *Allen v. Bellingham,* 77 Wash. 469, 137 Pac. 1016, that, where an opportunity had been

given to present objections to the assessment roll, the failure of the initiatory resolution (or petition) to meet the requirements of the law, if such unmet requirements could have been dispensed with by the legislature, would not defeat jurisdiction to levy the assessment. That was a case involving an assessment by a city, but no reason occurs to us why the same rule should not apply to counties. At any rate, here due notice was given, and this and all other objections might have been urged before the commissioners upon the hearing had before confirmation of the assessment roll. Not having availed themselves of this privilege, it would seem that, nine of the respondents having been signers of the petition, thus inducing the commissioners to act; respondent Carlson having acted as supervisor; none having appeared and objected to the assessment roll; all having stood by and permitted a contract to be let, the money to be expended, the bonds or warrants to be issued and to pass into the hands of innocent purchasers, and the work to be fully performed; and all having enjoyed the full benefits for more than five years before asserting any defect in the proceedings or taking any action, on the plainest principles of equity they should now be held to have waived these objections, or to be estopped from now asserting them. The facts here shown bring the case squarely within the rule announced in *Wingate v. Tacoma,* 13 Wash. 603, 43 Pac. 874, and that case must control. Because the respondents failed to speak when they should have spoken, they cannot now be heard, and the judgment appealed from must, therefore, be reversed.

Reversed, and remanded with directions to dismiss the action.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.