[No. 20683. *En Banc.* March 13, 1928.]

John P. Johnson, *Appellant,* v. M. J. Berg *et al., Respondents.*[1]

[1] Judgment (212)—Res Judicata—Persons Not Parties. The holder of local improvement warrants payable from assessments for the improvement, who was not a party to an action involving the validity of the assessments, is not bound by a decree in such former action adjudicating the invalidity of the assessments and enjoining their collection (Askren, Main, and Tolman, JJ., dissenting).

Appeal from a judgment of the superior court for Kitsap county, French, J., entered June 8, 1927, upon findings in favor of the defendants, in an action to enforce the collection of local improvement warrants, tried to the court. Reversed.

*Ray R. Greenwood,* for appellant.

*Beardslee & Bassett* and *Marion Garland,* for respondents.

Holcomb, J.—Appellant, the holder of twelve certain improvement district warrants issued by Kitsap county to defray the cost of the construction of what is known as Road No. 27, incorporated in local improvement dis-

[1]Reported in 265 Pac. 473.

trict No. 1, in that county, instituted this action to enforce the collection of assessments levied by the county against the properties of respondents. The complaint alleged that the county treasurer had failed, neglected and refused to pay the warrants and that he neglected, refused and failed to promptly collect any of the assessments levied against the property of respondents.

The answer denied the material allegations of the complaint, and affirmatively alleged, among other things, that the superior court for Kitsap county had, by decree made and entered on September 23, 1919, several years prior to the commencement of the action herein, in a cause which was entitled M. J. Berg *et al.* (these respondents) v. Kitsap County *et al.,* being cause No. 4202 of the files of that court and county, adjudged and decreed that the assessments against the property of these respondents were null and void, enjoined the collection of such assessments, and made such injunction permanent and perpetual as to the county and its officers; that the decree in that case is a bar to this action.

At the trial, a blank copy of a warrant of the same kind as the twelve warrants issued to appellant, and also the record in the case of Berg *et al.* v. Kitsap County *et al.,* cause No. 4202, were introduced in evidence, which evidence was supplemented by statements of counsel on both sides amounting practically to an agreed statement of facts. From the agreed statement of facts so made, it appears that the warrants in question were purchased when issued for value; were to run not to exceed ten years from the date of their issuance, and became due, Nos. 33 to 35, inclusive, in August, 1925, and Nos. 36 to 45, inclusive, in October, 1925; that the treasurer refused to pay the warrants when due according to their face, and also refused to

collect the assessments against the property of these respondents. These respondents are the identical parties who were the plaintiffs in cause No. 4202, which was begun in January, 1916, and went to decree, as before stated, in September, 1919. That decree was never appealed from, and became final. The warrants in this action are the last of the warrants and there is no other property from which they may be collected.

Appellant was not a party in any way in cause No. 4202 and had no knowledge of that litigation.

The trial court found that the assessments levied against the properties of respondents had been adjudged and decreed null and void; that the court had perpetually enjoined and restrained Kitsap county and its treasurer from collecting such assessments, and concluded, as a matter of law, that the assessments had never become due and that, therefore, appellant had no legal right to maintain this action.

[1] The one question to be determined is whether or not cause No. 4202 of the superior court for Kitsap county is *res judicata* in this action.

Appellant based his action upon chap. 224, Laws of 1909, p. 768, being §§ 6672 to 6698, inclusive, Rem. Comp. Stat. [P. C. §§ 6126, 6152], which provide for the creation of county local improvement districts for road construction, prescribe the methods to be followed under the act, and the method of financing.

Sections 6688 and 6689 [P. C. §§ 6142, 6143] authorize the issuance of special warrants to defray the cost of the improvement. Section 6690 [P. C. § 6144] provides that such warrants may be redeemed by the payment of assessments levied upon the property benefited in the district. Section 6691 [P. C. § 6145] provides that the proceeds of such warrants shall be applied to the payment of the costs and expenses of the improvement. Section 6692 [P. C. § 6146] provides that such

assessments shall be collected by the county treasurer, and the warrants redeemed from the moneys so received.

Section 6693, Rem. Comp. Stat. [P. C. § 6147], is as follows:

"If the county treasurer shall fail, neglect or refuse to pay said warrants issued under the provisions of this act, or to collect promptly any such assessments when due, the owner of any such warrants may proceed in his own name to collect such assessments and to foreclose the lien thereof in any court of competent jurisdiction, and shall recover in addition to the amount of such warrants and interest thereon, five per centum, together with the costs of such suit. Any number of holders of such warrants for any single improvement may join as plaintiffs and any number of owners of the property on which the same are a lien may be joined as defendants in such suit. Neither the holder nor any owner of any such warrant issued under the authority of this act shall have any claim therefor against the county through the instrumentality of which the same is issued, except from the special assessment made for the improvement for which such warrant was issued, but his remedy in case of nonpayment shall be confined to the enforcement of such assessments. A copy of this section shall be plainly written, printed or engraved on each warrant so issued."

Appellant purchased his warrants when issued, and long prior to the commencement of the action designated as No. 4202 in Kitsap county. Under the provisions of the above § 6693 he was accorded the right of collection in his own name, and that was part of his contract. It was also a part of his contract, under that section, that he should have no other redress, except against the property specially benefited.

Appellant therefore contends that he is availing himself of the remedy accorded him by the statute, and the only remedy, and that the decree in cause No. 4202

is void as to him, because he never was a party to or bound by it.

Appellant insists that, in order for a judgment to be *res judicata*, it must appear that the person against whom it is asserted was either a party or in privity with a party to the action; and that it cannot be maintained that there is any privity between him and the defendants who were parties to the action in cause No. 4202. *State ex rel. Reed v. Gormley,* 40 Wash. 601, 82 Pac. 929, is quoted to the effect that

"It is a rule of law, as old as the law itself, that a court cannot adjudicate the rights of parties who are not actually or constructively before it, with an opportunity to defend or maintain their rights in the action."

The above cause is also relied upon by appellant generally. In that case, we held that a suit to enjoin the payment of county warrants could not lie except where the warrant holders were made parties, and that the difficulty of service of process upon the holders of warrants, who were unknown and whose presence could not be secured, was no excuse for failure to join necessary parties defendant.

In *Stallcup v. Tacoma,* 13 Wash. 141, 42 Pac. 541, 52 Am. St. 25, we held that a judgment, in an action where a bondholder was not made a party, would have no binding effect upon such bondholder in an action to restrain the payment of city bonds.

In *Savage v. Sternberg,* 19 Wash. 679, 54 Pac. 611, 67 Am. St. 751, we held that the fact that a city has been enjoined from paying certain warrants cannot be set up as a defense to mandamus proceedings to compel payment by one who was not a party to the injunction suit; and that a party or officer is not bound by a void injunction or order of the court, and will not be punished for its violation.

As to these cases and other cases cited by appellant from other jurisdictions, respondents insist that, in each of them, the judgment or decree pleaded in bar foreclosed the right of a party, not before the court, from recovering the value of the bond or warrant, and that this is not true in the instant case.

Respondents rely upon another provision of the statute relating to such improvement districts, i. e., § 6696, Rem. Comp. Stat. [P. C. § 6150], reading in part as follows:

"But the court in which any action may be brought to enjoin, reverse or declare void the proceedings by which any such road has been laid out, constructed or improved, or ordered to be laid out, constructed or improved, or to enjoin the collection of any tax or assessment levied or ordered to be levied for the purpose aforesaid, may, if there be manifest error in such proceedings affecting the rights of the plaintiff in such action, set the same aside, as to him, without affecting the rights or liability of any other parties in interest; and the court shall, in the final hearing, make such order in the premises as may be equitable and just, and may order the assessment levied against the plaintiff's property to remain on the assessment-roll for collection, or to be again levied in whole or in part, or may perpetually enjoin the same, or any part thereof. The cost of such action, and the proceedings had therein, shall be apportioned among the parties, or paid out of the county treasury, in whole or in part, as justice may require and the court direct: *Provided,* That all the land liable to assessment, under the provisions of this act, for the construction of such road, shall be held responsible to the county, to protect the county against all loss or liability arising from any judicial proceedings affecting the assessment for benefits, and also all costs and expenses that may arise in any litigation; and reassessment by the county engineer and committee of supervisors shall be made to discharge the same."

It is then pointed out by respondents that in the decree in cause No. 4202 it was specifically provided that the proceedings establishing the county road in question were, as to the plaintiffs (that is, these respondents), null and void, and that as to them, and them only, the assessments were enjoined.

Respondents further assert that since the decree follows the statute above quoted, in providing that it shall not affect the right or liability of any other parties in interest, appellant's rights are fully protected. It is then declared that all the land liable to assessment is still subject to re-assessment for the purpose of discharging the warrants held by appellant.

But can it be assumed that there is any land remaining in the improvement district which is liable to assessment and still subject to re-assessment for the purpose of discharging the warrants held by appellant?

The statement was made in the record, as heretofore recited, that these are the last of the warrants issued and that "there is no other property from which the warrants can be collected." In such case, to accord appellant only the remedy provided by § 6696, *supra,* and to say that his rights are fully protected by the special restrictions of the decree in cause No. 4202, might award only an empty legal remedy.

In the Federal case of *Fetzer v. Johnson,* 15 Fed. (2d) 145, (C. C. A.), in an action brought in the Oklahoma state court by the owner of lands benefited by a drainage district, for the purpose of enjoining the county treasurer from collecting assessments to pay the bonds, the supreme court of Oklahoma had held that the drainage district had not been legally organized and that the assessments were therefore illegal and void, the circuit court of appeals, eighth circuit, would not be bound by the decision of the supreme court of Oklahoma, and held that its judgment was

erroneous and in conflict with other decisions of the same court, and refused to be bound by the rule of comity. In the case cited, it was held that the rights of holders of drainage district bonds were not affected by a judgment in a suit to enjoin collection of assessments, to which the holders were not parties and of which they had no notice. In the course of the opinion, it was said:

"Fetzer was not a party to that suit [in the state court]. He did not know of it until after it was finally decided, and his rights were not, and could not be, considered or adjudicated in that case."

In another Federal case involving a state judgment by the court of last resort, *Street Grading District No. 60 of Little Rock v. Hagadorn,* 186 Fed. 451, the circuit court of appeals said:

"The fact that the Supreme Court of Arkansas has ruled in another case in which complainants were not parties that the organization of the Grading District was unlawful is not an adjudication affecting complainants' rights. They were not parties to it. They can have their day in whatever court is open to them regardless of that decision except in so far as it is persuasive of the right."

The record shows that the jurisdictional facts relied upon in cause No. 4202 were substantially the same as those shown to have been raised in a case involving the same road and district, which came to this court. See, *Carlson v. Kitsap County,* 124 Wash. 155, 213 Pac. 930.

It is fair to assume that, had appellant in this case been made a party to cause No. 4202, he would have defended it, and, if defeated, might have appealed it, with the same result as in the *Carlson* case, *supra.* In other words, the decree in cause No. 4202 might have been reversed, as it was in the *Carlson* case, and these proceedings would not have been necessary.

It is also to be presumed that the property of the

respondents in this case has been benefited by the road built with the money furnished by appellant in the purchase of these warrants. And yet, should we hold that the decree in cause No. 4202 was *res judicata* of appellant's rights, respondents will escape payment of their obligations because of a suit in which appellant never was a party.

It is true that *Stallcup v. Tacoma, supra,* was an action involving the conclusiveness of a former judgment in a suit by a citizen and taxpayer, invalidating certain bonds which were general obligations of Tacoma. *Savage v. Sternberg, supra,* was an action respecting the validity of a former judgment, at the suit of a general taxpayer, against certain general fund warrants of Tacoma. *State ex rel. Reed v. Gormley, supra,* concerned a former judgment in an action by a taxpayer, to restrain the payment of certain general fund county warrants. It is suggested that those cases are easily distinguishable from this upon those grounds. We think the principle announced in the *Reed* case, *supra,* that "a court cannot adjudicate the rights of parties who are not actually or constructively before it, with an opportunity to defend or maintain their rights in the action," applies more forcibly in a case of this kind than in that and the preceding cases. Here, while appellant is not the holder of general bonds or general warrants, he is the holder of what are, under the statute under which they were issued, species of liens against the property improved in the local improvement district. The fact that the warrants are special and limited, and not generally negotiable, but merely transferable, makes a stronger case, to our minds, of the necessity of such warrant-holder being made a party to such suit. And, as we approvingly quoted in each of the cited cases:

"A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars anyone."

It follows from the above principle that the property owners involved in this action have the right to defend the action on any ground available, in case they were not brought into the original proceeding, by any proper process, and are no more bound by the judgment in cause No. 4202 than is appellant, except in so far as they may be estopped by recitals or by acts or conduct on their part constituting estoppel.

Following our decisions, which, though not all precisely applicable, are of persuasive force, and the other cases quoted, we cannot sustain the contention of respondents that the warrants in this case never became due, and that the rights of appellant were fully protected by the decree in cause No. 4202 and by the provisions of § 6696, *supra*. To debar appellant of his rights and property, he was a necessary party. Never having had his day in court upon the question of the legality of the organization of the improvement district and of the assessments for the benefits arising thereunder, and of the validity of the special warrants issued therefor, he is not estopped by the decree in cause No. 4202.

The judgment is therefore reversed, and remanded for further proceedings.

MACKINTOSH, C. J., PARKER, MITCHELL, and FULLERTON, JJ., concur.

ASKREN, J. (dissenting)—I am unable to agree with the rule announced in the majority opinion. It fails to take into account the statutory rights given to a holder of warrants issued against a special improve-

ment district. The statute makes provision for collection of the assessments by the county treasurer, and then payment of the warrants from the fund thus obtained, and no other. The holder of such warrants has no right to bring an action upon them except under certain conditions named in § 6693, Rem. Comp. Stat. [P. C. § 6147], to-wit:

"If the county treasurer shall fail, neglect or refuse to pay said warrants issued under the provisions of this act, or to collect promptly any such warrants when due, the owner of such warrants may proceed in his own name to collect such assessments. . . ."

From this, it is plain that the county treasurer collects for and on behalf of the warrant holder, for he alone has the right to collect and sue, except that, in case of his delinquency, the holder of the warrant may then proceed.

Now suppose that, at the end of the first year when payment was due on these warrants, Berg had refused to pay, and the county treasurer had brought suit to compel payment, resulting in the court holding that the warrants were null and void. Could the holder of the warrants thereafter bring another suit to collect on the same warrants, or would not the first suit be binding upon him because the issue was litigated by the county treasurer who acted in his behalf? Indeed, who else could the treasurer be appearing for? If such an action would bar another suit by the warrant holder, then I take it that no difference arises in this case by reason of the fact that the property owner brought suit to restrain the collection rather than that the treasurer brought suit to enforce collection.

The three cases from this court cited in the majority opinion, *Stallcup v. Tacoma,* 13 Wash. 141, 42 Pac. 541; *Savage v. Sternberg,* 19 Wash. 679, 54 Pac. 611; and *State ex rel. Reed v. Gormley,* 40 Wash. 601, 82 Pac.

929, were all cases in which a taxpayer brought suit to declare invalid certain bonds or warrants issued to persons having general claims against the city or county. It is said in the majority opinion that the right of a warrant holder to be made a party applies more forcibly in this character of an action than in those cases. To me, the distinction is obvious. In those cases, the city or county had issued the warrants or bonds in payment of certain liabilities. The owners of the warrants had a right of action and could sue directly upon them. The treasurer and the warrant holders were therefore opposing parties. Here, we have a situation where the duty imposed upon the treasurer is that of acting on behalf of the warrant holders. The situation is not much different from that of a trustee for bondholders. The duty of the trustee is to collect for the bond holders. If it fail or refuse to perform its duty, then the bond holder may bring suit in his own name. Reference is made in the majority opinion to two Federal cases which are cited as authority for the proposition that the warrant holders should be made parties. A perusal of both of those cases does not disclose whether the provision for the collection of the assessments was the same as it is under our statute, nor whether the warrant holder had no right to sue except upon default of the treasurer. In any event, the point here to be decided is not argued in either opinion and no citation of authority is given to support the bare rule announced.

The county treasurer having defended the suit brought by Berg, and his defense being on behalf of the warrant holder, the appellant is bound by it.

Main and Tolman, JJ., concur with Askren, J.