[No. 25717.   Department Two.   June 27, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Puget Sound & Baker River Railway Company, Plaintiff,* v. GEORGE A. JOINER, *as Judge of the Superior Court for Skagit County, Respondent.*[1]

*James G. Smith,* for relator.

*Welts & Welts,* for respondent.

BLAKE, J.—What is known as the Cascade highway extends from a point in the Cascade mountains fourteen miles east of Marblemount to the proposed bridge over Deception pass.   Between Butler and Burlington, the road pursues a winding course—having several right angle turns.

September 5, 1934, the county commissioners of

[1]Reported in 47 P. (2d) 14.

Skagit county, purporting to act under authority of chapter 35, Laws of 1911, p. 118 (Rem. Rev. Stat., § 6773 [P. C. § 6157] *et seq.*), passed a resolution providing for the construction of a road between Butler and Burlington, designed to straighten the Cascade highway between those points. April 3, 1935, the county commissioners adopted a resolution authorizing the condemnation of property necessary for the proposed improvement and making a declaration of necessity and public use. Among the properties described in the resolution was a fifteen foot strip on the northerly side of relator's right of way between Butler and Burlington. Condemnation proceedings were instituted in the superior court. After hearing, the court entered an order of necessity. That order is here for review.

■ Under the decisions of this court, it is established that the declaration by proper municipal authorities of necessity and public use is conclusive, in the absence of actual fraud or such arbitrary and capricious conduct as would amount to constructive fraud. *State ex rel. Flick v. Superior Court,* 144 Wash. 124, 257 Pac. 231.

■ It is also established by fundamental law, statute and decision, that property is not exempt from condemnation because it may have been previously dedicated, appropriated or devoted to public use. Constitution, article XII, § 10; Rem. Rev. Stat., § 901 [P. C. § 7609]. Except where property devoted to a public use is sought for a superior public use, the right to condemn such property must be so exercised as not to substantially interfere with the prior use. *State ex rel. Columbia Valley R. Co. v. Superior Court,* 45 Wash. 316, 88 Pac. 332; *State ex rel. Skamania Boom Co. v. Superior Court,* 47 Wash. 166, 91 Pac. 637.

The trial court, in granting the order of necessity in this case, acted in the light of these principles—stat-

ing that there was no evidence of fraud on the part of the county commissioners in declaring the property necessary for public use, nor evidence of any substantial interference with relator's use of its right of way. These conclusions, we think, were fully warranted under the evidence.

Relator operates a single track logging road, extending from Puget Sound to two points in the timber country fifteen or twenty miles to the east of Butler. After condemnation of the fifteen foot strip, its right of way will be forty-five feet in width between Butler and Burlington. Under the evidence, this will be ample for the construction of such passing tracks as relator may need. We think it is also ample for double tracking if, as relator suggests, necessity therefor should ever arise. We think, however, that the necessity for double tracking is such a remote possibility, under the evidence, as to give little merit to the suggestion.

Relator further contends that the resolution of September 5, 1934, was ineffectual to support proceedings to establish a road of the character here involved. This contention is predicated on the case of *Gregory v. Commissioners of Kitsap County*, 110 Wash. 476, 188 Pac. 761, wherein this court held that Chapter 35, Laws of 1911, p. 118 (Rem. Rev. Stat., § 6773 [P. C. § 6157] *et seq.*), did not authorize the establishment of a *new road*. Conceding, for present purposes, that the proposed highway between Butler and Burlington is a *new road* in the light of that decision, the act (Chap. 35, Laws 1911, p. 118) was so supplemented by § 1, Chapter 23, Laws of 1925, p. 52 (Rem. Rev. Stat., § 6773-1 [P. C. § 6157-1]), as to authorize these proceedings for the establishment and construction of the highway.

The order of necessity is affirmed.

BEALS, MITCHELL, HOLCOMB, and STEINERT, JJ., concur.