# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MARIE-CLAIRE HARPER PAGH, | ) | NO. 68731-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| WILLARD GIBSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 17, 2014 |
| | ) | |

2014 MAR 17 AM 9: 56 COURT OF APPEALS DIV I STATE OF WASHINGTON FILED

LAU, J. — In this appeal from garnishment and controversion proceedings, Willard Gibson challenges the trial court's $5,000 judgment in favor of Marie-Claire Pagh against the garnishee law firm and the court's award of attorney fees in favor of Pagh against Gibson. Because this court vacated the judgment underlying the garnishment proceedings, no valid basis exists to support those proceedings or the resulting monetary awards. We vacate the judgment and attorney fee award in Pagh's favor and remand with instructions to the trial court to dismiss the garnishment proceedings.

## FACTS

### February 2011 Judgment

In early 2010, Marie-Claire Pagh filed a domestic violence protection order and parenting plan action against Willard Gibson. The underlying facts of that case are fully

discussed in our unpublished opinion on direct appeal (case 66833-1). See In re Gibson, noted at 172 Wn. App. 1012, 2012 WL 5992104, review denied, 177 Wn.2d 1018 (2013). Trial occurred on February 1, 2011. On February 15, 2011, the trial court ruled in Pagh's favor on the protection order and parenting plan issues and granted Pagh a money judgment against Gibson in the principal amount of $45,876.48 representing her attorney fees and costs in the underlying litigation. Gibson appealed the judgment to this court in case 66833-1. He posted no supersedeas bond.[1]

### Gibson's Fee Agreement with Garnishee

Gibson retained the Law Offices of Michael W. Bugni & Associates, PLLC (garnishee) on an hourly basis to represent him in his appeal of the February 15, 2011 judgment.[2] Gibson's fee agreement with garnishee required him to give garnishee a $5,000 "advance deposit (retainer)." The fee agreement further explains that this $5,000 advance "will be deposited into our trust account and withdrawn as fees are earned and expenditures made." The fee agreement also indicates that Gibson will receive a "monthly statement for fees and costs which unless otherwise agreed, must be paid in full within 20 days of receipt." Billing statements generated for Gibson's account indicate:

> Please be advised that 15 days from the date of [each statement] your trust fund balance (if applicable) will be adjusted to pay the balance due on your account.

---

[1] A trial court decision may be enforced pending appeal or review unless a party stays enforcement of the judgment by filing a supersedeas bond or cash in the trial court. RAP 8.1(b)(1).

[2] Gibson contacted garnishee "in May 2011 to seek representation for his appeal of the trial court's decision." Pagh raised a conflict of interest challenge regarding garnishee's representation of Gibson, which the court resolved in Gibson's favor in September 2011.

68731-0-I/3

If there are insufficient funds in your account to pay the current balance, please remit any amounts still owing within 20 days or less of your receipt of this invoice.

On November 21, 2011, Gibson's trust account balance was $5,000. Also on November 21, garnishee sent Gibson a bill for $2,919.11 for attorney fees and costs through November 21. The bill contained the language quoted above, indicating that Gibson's trust account balance would be used to pay the $2,919.11 bill "15 days from the date of this statement," i.e., 15 days after November 21, 2011.

Garnishment and Controversion Proceedings

On November 28, 2011—before 15 days had passed—King County Superior Court issued a writ of garnishment in favor of judgment creditor Pagh for the full amount of her February 15, 2011 judgment, plus interest. The writ was issued against garnishee and named Gibson as respondent.[3] Garnishee received service of the writ on November 29. The writ stated in part:

> YOU ARE HEREBY COMMANDED, unless otherwise directed by this court, by the attorney of record for the petitioner, or by this writ, not to . . . deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the respondent in your possession or control at the time when this writ was served. . . .
> YOU ARE FURTHER COMMANDED to answer this writ by filling in the attached form according to the instructions in this writ and in the answer forms . . . .
> IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE FULL AMOUNT OF THE PETITIONER'S CLAIM AGAINST THE RESPONDENT WITH ACCRUING

---

[3] A garnishment proceeding "is essentially an ancillary action to the principal suit between a creditor and a debtor." Watkins v. Peterson Enters., Inc., 137 Wn.2d 632, 638, 973 P.2d 1037 (1999). It is "adversarial in the sense that a creditor takes action against a garnishee, but only to satisfy an underlying claim against a debtor. The proceeding is also ancillary in that the court's subject matter jurisdiction is based on the validity of the principal action against the debtor." Watkins, 137 Wn.2d at 639 (citation omitted).

-3-

INTEREST, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE ANYTHING TO THE RESPONDENT. . . .

On December 19, garnishee answered the writ of garnishment and attached a letter responding to several of the writ's directives. The letter stated in part:

> Any funds received or held by [garnishee] were advance fee deposits (commonly referred to as retainers) paid pursuant to agreement to cover the costs and legal services related to his appeal. As such, title to these funds lies with [garnishee], not Willard Gibson (unless he should request a refund or other disposition). Advanced fee deposits are held in a common or pooled IOLTA [Interest on Lawyers' Trust Accounts] trust account. Our firm's IOLTA account, as inferred above, is a "pooled account" and contains deposits from or on behalf of numerous other clients to which Mr. Gibson has no particular right. Mr. Gibson has made no request for disbursal of funds such that he would be "entitled" to that disbursement, which might trigger a potential obligation to withhold such funds and deposit same into the registry of the Court.

The letter also stated that "[garnishee's] trust account is not subject to a Writ of Garnishment as requested" and claimed, "Prosecution of such a Writ is not appropriate, legally or ethically."

In trial court proceedings following its answer and also on appeal, garnishee admitted that at the time the writ of garnishment was served, (1) garnishee held $5,000 in its IOLTA trust account for Gibson and (2) without Pagh's or the trial court's approval and despite service of the writ of garnishment, it withdrew and paid itself the $5,000 it was holding in the IOLTA trust account for Gibson.

On January 5, 2012, Pagh filed an "Affidavit Controverting Answer to Writ of Garnishment" under RCW 6.27.210.[4] CP 20-24. Under RCW 6.27.220, garnishee had

---

[4] RCW 6.27.210 provides in relevant part: "If the garnishee files an answer, either the plaintiff or the defendant, if not satisfied with the answer of the garnishee, may controvert within twenty days after the filing of the answer, by filing an affidavit in writing signed by the controverting party or attorney or agent, stating that the affiant has good

-4-

the right to respond to the controversion "by affidavit of the garnishee, the garnishee's attorney or agent" within 20 days. RCW 6.27.220 further provides:

> Upon the expiration of the time for garnishee's response, the matter may be noted by any party for hearing before a commissioner or presiding judge for a determination whether an issue is presented that requires a trial. If a trial is required, it shall be noted as in other cases, but no pleadings shall be necessary on such issue other than the affidavit of the plaintiff, the answer of the garnishee and the reply of the plaintiff or defendant controverting such answer, unless otherwise ordered by the court.

Although garnishee failed to file its own affidavit or other sworn statement under RCW 6.27.220 in response to Pagh's controversion, defendant Gibson filed "Father's Reply Memorandum Re Writ of Garnishment." In this document Gibson claimed that upon receipt of funds "deposited on behalf of Mr. Gibson to [garnishee]," such funds "became the property of [garnishee], not Mr. Gibson" and would be subject to garnishment only if deposited into the IOLTA trust account "for some purpose other than payment of our legal fees . . . ." Gibson submitted as exhibit 2 to his reply a billing summary statement intended to show that garnishee had "earned" more money than was in garnishee's IOLTA trust account for Gibson on November 29, 2011. Exhibit 2 confirms that garnishee withdrew $5,000 from "trust" after being served with the court's writ of garnishment.

On February 3, 2012, Pagh filed a motion on controversion of answer of garnishee under RCW 6.27.220. Pagh requested the court to enter judgment on garnishee's answer or set a summary judgment hearing to decide whether the $5,000 in garnishee's IOLTA trust account when the writ of garnishment was served belonged to

---

reason to believe and does believe that the answer of the garnishee is incorrect, stating in what particulars the affiant believes the same is incorrect."

-5-

garnishee or Gibson. Gibson filed a response claiming garnishee had earned the funds by the time the writ of garnishment was served. In her reply supporting the motion, Pagh noted that Gibson had paid nothing to date toward satisfaction of the February 15, 2011 judgment, that Gibson failed to file a supersedeas bond as part of his appeal of that judgment, and that Gibson's position on the IOLTA trust account was contrary to RPC 1.15A and otherwise contrary to law.

On March 2, the trial court ruled on Pagh's controversion motion. The court ordered that Pagh "shall have judgment on the Writ of Garnishment" and "shall be awarded attorney fees . . . ." The court reasoned:

> Funds of client Gibson were placed in his attorney's trust account as an advance fee deposit. The attorney performed work for the client. A writ of garnishment stemming from a judgment against the client was served on the law firm. At the time the writ was served, the billing for the attorney's work would have been equal to or greater than the amount of the funds on deposit. However, no bill had been produced, nor had the funds been removed from the account pursuant to the procedures set out by RPC 1.15A.
>
> By way of answer to the writ and attached letter dated December 16, 2011, Gibson's counse[l] argued the funds, as an advance fee deposit, gave title of the funds to the law firm upon deposit. That legal position is unsupportable, and appears to have been abandoned in the February 10, 2012 Response in which Gibson's counsel asserts the funds had been "earned" at the time of the writ.
>
> RCW 60.40.010 gives attorneys liens priority in limited situations: when (d) and (e) of 60.40.010 applies. Neither subsection of that statute is applicable to the facts at hand. Rather, (b) applies (..money in the attorney's hands belonging to the client). The funds remained presumptively the clients so long as they remained in the firm's trust account. The court finds that the funds that remained in the IOLTA trust account at the time the writ was served are subject to garnishment.

Gibson moved for reconsideration of the court's March 2 order. He referred to the IOLTA funds as "advance consideration" and "advance payment." He attached to his motion a partially redacted fee agreement with garnishee and billing statements

showing the value of fees Gibson claimed garnishee had "earned" through the date the writ of garnishment was served. Each statement contains the language quoted above, indicating that the trust account funds would not be used to pay Gibson's bill until 15 days after the date of the bill.

Consistent with the trial court's March 2 order, Pagh filed a declaration of counsel regarding attorney fees. Gibson and garnishee filed their response on March 14, claiming that Pagh was not entitled to costs as the plaintiff controverting the garnishee's answer, that attorney fees for garnishment are statutorily capped, and that Pagh's requested fees were unsupported and excessive.

On March 19, the trial court denied Gibson's motion for reconsideration and granted Pagh a judgment on answer and order to pay. The court granted Pagh a $5,000 judgment against garnishee (for the amount it held in its trust account for Gibson when the writ of garnishment was served) and further awarded Pagh $4,164 in attorney fees against Gibson. Gibson timely filed a notice of appeal designating the trial court's March 2 and March 19, 2012 orders for review (the current appeal).[5]

Vacation of Underlying Judgment

On December 3, 2012, we issued our unpublished decision in case 66833-1. We affirmed the trial court's February 15, 2011 orders relating to the domestic violence protection order and parenting plan actions but vacated the court's $45,876.48 fees and costs award against Gibson and remanded for factual findings supporting the court's intransigence conclusion. Thus, we vacated the award upon which the current

---

[5] Garnishee filed no separate notice of appeal.

-7-

garnishment appeal is based. The Supreme Court denied review, and we issued our mandate in case 66833-1 on July 31, 2013.[6]

## ANALYSIS

### Garnishment and Controversion Proceedings

Gibson's arguments in the current appeal fall into two categories: (1) the trial court erred in awarding a $5,000 judgment against garnishee and (2) the court erred in awarding attorney fees against Gibson for the controversion proceedings.

In urging this court to address the merits of his arguments, Gibson fails to account for the effect of our decision in case 66833-1 vacating the money judgment attorney fee award on which Pagh's garnishment action was based. A vacated judgment "is of no force or effect and the rights of the parties are left as though no such judgment had ever been entered." In re Estate of Couch, 45 Wn. App. 631, 634, 726 P.2d 1007 (1986); see also Johnson v. Berg, 147 Wn. 57, 66, 265 P. 473 (1928) ("A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars anyone.") (emphasis added). The judgment, in essence, never existed. If a court vacates a judgment after a defendant has paid the judgment, the court can, on motion or on its own initiative, direct that restitution be made. In re Marriage of Hardt, 39 Wn. App. 493, 499, 693 P.2d 1386 (1985).

---

[6] Consistent with our opinion, the trial court on remand entered amended findings of fact regarding its fees and costs award. Gibson's appeal of that ruling is currently pending in this court as case 70995-0.

In case 66833-1, we vacated the money judgment awarding Pagh attorney fees because it lacked appropriate factual findings. We remanded to the trial court to "for entry of appropriate findings of fact" to support the award. Gibson, 2012 WL 5992104 at *19. Our decision left the door open for the trial court to subsequently make a proper fee award supported by appropriate findings. However, vacation of the initial fee award left the parties as if no fee award had yet been made. No valid judgment exists on which to base the garnishment proceedings at issue in this appeal.

Under the well-settled principles discussed above, the garnishment proceedings here—while arguably lawful under the garnishment statute at the time they occurred— cannot stand because no valid judgment exists to support them. Accordingly, we vacate the judgment in Pagh's favor and direct the trial court to dismiss this garnishment proceeding. And because the attorney fees awarded in Pagh's favor against Gibson in the controversion matter were similarly premised on the subsequently vacated judgment, no lawful basis exists for that award.[7] Similarly, we reject Gibson's argument that he is entitled to attorney fees incurred at the trial court level.

---

[7] While we do not decide the issue, we also question the fee award on other grounds. Under RCW 6.27.230, "Where the answer [to the writ of garnishment] is controverted, the costs of the proceeding, including a reasonable compensation for attorney's fees, shall be awarded to the prevailing party: PROVIDED, That no costs or attorney's fees in such contest shall be taxable to the defendant . . . ." (Emphasis added). Garnishment actions involve three parties: a plaintiff creditor (here, Pagh), a defendant debtor (here, Gibson), and a garnishee. Hinote's Home Furnishings, Inc. v. Olney & Pederson, Inc., 40 Wn. App. 879, 886-87, 700 P.2d 1208 (1985). RCW 6.27.230's proviso clearly states that "the defendant . . . shall not be taxed for costs or attorney fees should the plaintiff successfully controvert the answer." Hinote's Home Furnishings, 40 Wn. App. at 887 (discussing former RCW 7.33.290 (1969), recodified as RCW 6.27.230). Thus, even in garnishment proceedings based on valid judgments, assessment of attorney fees against a defendant like Gibson under RCW 6.27.230 is improper.

Appellate Attorney Fees

Each party requests appellate attorney fees as the prevailing party on appeal. Given our decision, we decline to award appellate attorney fees.

## CONCLUSION

For the reasons discussed above, no valid basis exists to support the garnishment and controversion proceedings or the resulting monetary awards at issue in this appeal. We vacate the judgment and attorney fee award in Pagh's favor and remand with instructions to the trial court to dismiss the garnishment proceedings.[8]

WE CONCUR:

---

[8] Given our decision, we decline to address Gibson's claim that equity requires us to address "the propriety of [Pagh's] actions in pursuing the garnishment, controverting it once an answer was received, and the resulting cost to Gibson to file this appeal for appropriate redress." Appellant's Reply Br. at 1-2. Gibson cites no authority allowing us to consider equity in these circumstances, and such a notion is contrary to the law, facts, and logic in this case.